UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ISAIAH MUHAMMAD,

                              Plaintiff,

            -against-

CITY OF NEW YORK, *et al*.

                             Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND CAPTAIN HERNANDEZ**

20-CV-3220 (JPO) (SLC)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------ x

      Defendants City of New York and Captain John Hernandez, by their attorney, James E. Johnson, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

      IN RESPONSE TO SECTION I OF THE COMPLAINT

      1. Deny that Plaintiff's federal constitutional rights were violated but admit that Plaintiff purports to proceed therein.

      IN RESPONSE TO SECTION II OF THE COMPLAINT

      2. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Section II of the Complaint.

      IN RESPONSE TO SECTION III OF THE COMPLAINT

      3. Admit the allegation set forth in Section III of the Complaint.

      IN RESPONSE TO SECTION IV OF THE COMPLAINT

      4. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Section IV of the Complaint, except admit that Plaintiff purports to

proceed as stated therein and that, on April 7, 2020 Captain John Hernandez, shield number 1806, was employed by the New York City Department of Corrections as a captain.

IN RESPONSE TO SECTION V OF THE COMPLAINT

5. Deny the allegations set forth in Section V of the Complaint labeled paragraph "1."[1].

6. Deny the allegations set forth in Section V of the Complaint labeled paragraph "2."

7. Deny the allegations set forth in Section V of the Complaint labeled paragraph "3."

8. Deny the allegations set forth in Section V of the Complaint labeled paragraph "4" except admit plaintiff purports to sue Captain Hernandez as stated therein.

9. Deny the allegations set forth in Section V of the Complaint labeled paragraph "5."

10. Deny the allegations set forth in Section V of the Complaint labeled paragraph "6."

IN RESPONSE TO SECTION VI OF THE COMPLAINT

11. To the extent Section VI of the Complaint contains allegations of fact, deny, to the extent Section VI of the Complaint states relief Plaintiff seeks no response is required.

IN RESPONSE TO SECTION VII OF THE COMPLAINT

12. Section VII of the Complaint does not set forth allegations of fact and therefore requires no response.

---

[1] For the Court's convenience, Defendants have divided and labeled Plaintiff's Complaint at Section V into six paragraphs, labeled"1"— "6." The Annotated Complaint is attached as Defendants' Exhibit "A."

**AS FOR A FIRST AFFIRMATIVE DEFENSE**:

13. The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND AFFIRMATIVE DEFENSE:**

14. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of Defendants.

**AS FOR A THIRD AFFIRMATIVE DEFENSE:**

15. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any acts of Congress providing for the protection of civil rights.

**AS FOR A FOURTH AFFIRMATIVE DEFENSE:**

16. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendant, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**AS FOR A FIFTH AFFIRMATIVE DEFENSE:**

17. Plaintiff's action is barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

**AS FOR A SIXTH AFFIRMATIVE DEFENSE:**

18. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

**AS FOR A SEVENTH AFFIRMATIVE DEFENSE:**

19. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

**AS FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

20. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**AS FOR A NINTH AFFIRMATIVE DEFENSE:**

21. To the extent that Defendant Captain Hernandez used any force, it was reasonable, justified, and necessary to accomplish his official duties and to protect his own physical safety and the safety of others.

**AS FOR A TENTH AFFIRMATIVE DEFENSE:**

22. Plaintiff provoked any incident.

**AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

23. Plaintiff may have failed to mitigate damages.

**AS FOR A TWELFTH AFFIRMATIVE DEFENSE:**

24. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq*.

**AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

25. Defendant Captain Hernandez has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, is entitled to qualified immunity.

**AS FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

26. At all times relevant to the acts alleged in the Complaint, Defendant Captain Hernandez acted reasonably and properly in the lawful exercise of his discretion and/or judgmental functions/decisions. Therefore, Defendant Captain Hernandez is entitled to governmental immunity from liability on Plaintiff's state law claims.

**AS FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

27. Plaintiff failed to comply, in whole or in part, with conditions precedent to suit.

**AS FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

28. Some or all of Plaintiff's claims may be barred by his failure to exhaust his administrative remedies under the Prison Litigation Reform Act.

**WHEREFORE,** Defendants City of New York and Captain Hernandez request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 2, 2020

          JAMES E. JOHNSON
          Corporation Counsel of the
          City of New York
          *Attorney for Defendants*
          100 Church Street
          New York, New York 10007
          (212) 356-2424

By:   James R. Murray  s/
      James R. Murray
      Assistant Corporation Counsel
      New York City Law Department
      100 Church Street, Room 3-183
      New York, New York 10007
      (212) 356-2372
      jamurray@law.nyc.gov

CC: <u>By Mail</u>
Isaiah Muhammad
*Plaintiff pro se*
B&C No. 2411902466
Manhattan Detention Center
125 White Street
New York, NY 10013