

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES R. MURRAY**
*Assistant Corporation Counsel*
Phone: (212) 356-2372
Fax: (212) 356-3509
jamurray@law.nyc.gov

May 7, 2021

**VIA ECF**
Honorable Sarah L. Cave
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Isaiah Muhammad v. City of New York and Captain Hernandez</u>,
              20-CV-3220 (JPO) (SLC)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney for Defendants City of New York and Captain Hernandez in the above-referenced matter. Defendants respectfully write to request that the Court dismiss the Complaint for failure to prosecute and failure to comply with a court order pursuant to Federal Rules of Civil Procedure 41(b) and 37(b).

    **A)  Background**

      By way of background, Plaintiff alleges that on April 7, 2020, at the Manhattan Detention Complex, Captain Hernandez sprayed chemical agent through the food slot in Plaintiff's cell, causing Plaintiff to stumble backward, trip, and fall. ECF No. 1. On November 4, 2021, the Court held an initial pretrial conference, where it set the close of fact discovery to March 3, 2021. ECF No. 17. The following day, on November 5, 2020, Defendants served Plaintiff with requests for production of documents pursuant to Federal Rules of Civil Procedure 33 and 34 ("Defendants' Requests"). On January 15, 2021, Defendants filed a status letter informing the Court that Plaintiff had not responded to their discovery requests and requesting an additional 30 days to complete discovery. ECF No. 18. By Order dated January 19, the Court granted Defendants' request, extending the close of discovery to April 2, 2021. ECF No. 19.

      On January 19, 2021, Defendants received a letter from Plaintiff, in which he returned 2 of the 12 releases included in Defendants' Requests—both of which were improperly executed—and answered "NA" to 17 of 20 interrogatories. By letter dated January 22, 2021, Defendants explained why each release was deficient and requested that Plaintiff remedy the deficient releases, execute the releases he failed to return, and provide interrogatory responses that

comport with the requirements of Federal Rule of Civil Procedure 33(b)(3) by February 15, 2021. Defendants included with their letter a courtesy copy of their discovery requests, with some portions of the releases pre-filled for Plaintiff's convenience. On February 4, 2021, Defendants received two more medical releases from Plaintiff, both of which were dated January 13, 2021 and were improperly executed for the same reasons enumerated in Defendants' January 22, 2021 letter.

On February 25, 2021, Defendants moved to compel Plaintiff's full responses to their discovery requests and to extend all discovery deadlines until 60 days after Defendants received Plaintiff's responses. ECF No. 20. By Order dated February 26, 2021, the Court granted Defendants' motion, directed Plaintiff to properly execute all releases and respond to Defendants' interrogatories in accordance with the Federal Rules of Civil Procedure by April 22, 2021, and instructed Defendants to inform the Court when they had received Plaintiff's full responses to their discovery requests. ECF No. 21. As of the date of this writing, Defendants have not received properly executed releases or full responses to their interrogatories from Plaintiff.

### B) Plaintiff has failed to prosecute his case and has failed to comply with the Court's February 26, 2021 Order.

Under Rule 41(b), "[if] the plaintiff fails to prosecute…, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). When deciding whether to dismiss a case for failure to prosecute, courts in the Second Circuit consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

Similarly, under Rule 37(b)(2)(A)(v), a court may dismiss a proceeding in whole or in part where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). When determining whether to dismiss a claim pursuant to Rule 37(b)(2)(A)(v), a court will consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010). Because the last three of these factors are identical to Rule 41(b) factors 1, 2, and 5, respectively, courts analyze them simultaneously when considering dismissal under Rules 37(b)(2)(A)(v) and 41(b). See Chen v. Hunan Manor Enter., 2020 US Dist. LEXIS 113820, at *22 (S.D.N.Y. June 30, 2020)

Here, the Court should dismiss Plaintiff's Complaint for failure to prosecute and for failure to comply with its February 26, 2021 Order. Plaintiff has already delayed discovery in this matter by 5 months because his discovery responses, which would have been due to Defendants on or before December 7, 2020 have still not been received. Moreover, Plaintiff has failed to comply with the Court's February 26, 2021 Order to provide such discovery for over two weeks. Consequently, Plaintiff has prejudiced Defendants by denying them, without

explanation, information they need to evaluate their case and mount a defense. As explained in their January 15, 2021 status letter and their February 25, 2021 motion to compel, Defendants require properly executed medical releases and full responses to their interrogatories before deposing Plaintiff because the parties dispute whether Plaintiff's injuries were preexisting. Currently, Defendants only have Plaintiff's medical records from April 8, 2020 to April 10, 2020, which are insufficient to evaluate whether Plaintiff's injuries were preexisting or to determine how long after the alleged incident Plaintiff's injuries persisted for. Additionally, without releases for Plaintiff's psychotherapy notes—should any exist—Defendants cannot fully evaluate Plaintiff's claim that he suffered psychological distress.

The Court has already considered alternatives to dismissal by compelling Plaintiff to provide discovery and extending discovery twice to accommodate Plaintiff's failure to comply with Rules 33 and 34. Lesser alternatives to dismissal will be inadequate because Plaintiff has provided no reason, either to the Court or to Defendants, for why he has failed to comply with the Federal Rules or abide by the Court's February 26, 2021 Order. Though the Court has not explicitly warned Plaintiff that his case could dismissed for failure to engage in discovery, it informed Plaintiff in its February 26, 2021 Order that he has an obligation to fully respond to Defendants' discovery requests.

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint for failure to prosecute under Rule 41(b) and for failure to abide by a court order under Rule 37(b).

Thank you for your consideration herein.

                                                                       Respectfully submitted,

                                                                       _James R. Murray_ s/_____
                                                                       James R. Murray
                                                                       Assistant Corporation Counsel
                                                                       New York City Law Department
                                                                       100 Church Street, Room 3-183
                                                                       New York, New York 10007
                                                                       (212) 356-2372
                                                                       jamurray@law.nyc.gov

CC:    **BY FIRST-CLASS MAIL**
           Plaintiff *pro se*
           Isaiah Muhammad
           B&C No. 2411902466
           Otis Bantum Correctional Center
           16-00 Hazen Street
           East Elmhurst, NY 11370