

**GEORGIA PESTANA**
*Acting Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES R. MURRAY**
*Assistant Corporation Counsel*
Phone: (212) 356-2372
Fax: (212) 356-3509
jamurray@law.nyc.gov

June 21, 2021

**VIA ECF**
Honorable Sarah L. Cave
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Isaiah Muhammad v. City of New York and Captain Hernandez,
                20 Civ. 3220 (JPO) (SLC)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Georgia Pestana, Acting Corporation Counsel of the City of New York, and the attorney for Defendants City of New York and Captain Hernandez in the above-referenced matter. Defendants respectfully write to renew their request that the Court dismiss the Complaint for failure to prosecute and failure to comply with a court order pursuant to Federal Rules of Civil Procedure 41(b) and 37(b).

      **A)  Background**

      By way of background, Plaintiff alleges that on April 7, 2020, at the Manhattan Detention Complex, Captain Hernandez sprayed chemical agent through the food slot in Plaintiff's cell, causing Plaintiff to stumble backward, trip, and fall. ECF No. 1. On November 4, 2021, the Court held an initial pretrial conference, where it set the close of fact discovery to March 3, 2021. ECF No. 17. The following day, on November 5, 2020, Defendants served Plaintiff with requests for production of documents pursuant to Federal Rules of Civil Procedure 33 and 34 ("Defendants' Requests"). On January 15, 2021, Defendants filed a status letter informing the Court that Plaintiff had not responded to their discovery requests and requesting an additional 30 days to complete discovery. ECF No. 18. By Order dated January 19, the Court granted Defendants' request, extending the close of discovery to April 2, 2021. ECF No. 19.

      On January 19, 2021, Defendants received a letter from Plaintiff, in which he returned 2 of the 12 releases included in Defendants' Requests—both of which were improperly executed—and answered "NA" to 17 of 20 interrogatories. By letter dated January 22, 2021, Defendants explained why each release was deficient and requested that Plaintiff remedy the deficient releases, execute the releases he failed to return, and provide interrogatory responses that

comport with the requirements of Federal Rule of Civil Procedure 33(b)(3) by February 15, 2021. Defendants included with their letter a courtesy copy of their discovery requests, with some portions of the releases pre-filled for Plaintiff's convenience. On February 4, 2021, Defendants received two more medical releases from Plaintiff, both of which were dated January 13, 2021 and were improperly executed for the same reasons enumerated in Defendants' January 22, 2021 letter.

On February 25, 2021, Defendants moved to compel Plaintiff's full responses to their discovery requests and to extend all discovery deadlines until 60 days after Defendants received Plaintiff's responses. ECF No. 20. By Order dated February 26, 2021, the Court granted Defendants' motion, directed Plaintiff to properly execute all releases and respond to Defendants' interrogatories in accordance with the Federal Rules of Civil Procedure by April 22, 2021, and instructed Defendants to inform the Court when they had received Plaintiff's full responses to their discovery requests. ECF No. 21. On May 7, 2021, Defendants advised the Court that they had not received Plaintiff's discovery responses and moved to dismiss the Complaint for failure to prosecute and failure to comply with a court order under Federal Rules of Civil Procedure 41(b) and 37(b), respectively. ECF No. 22. By Order dated May 10, 2021, the Court directed Plaintiff to provide full discovery responses by June 9, 2021 and warned him that "failure to comply with this Order may cause the Court to issue an order to show cause why this case should not be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b)." ECF No. 23. As of the date of this writing, Defendants have not received properly executed releases or full responses to their interrogatories from Plaintiff.

### B) Plaintiff has failed to prosecute his case and has failed to comply with the Court's February 26, 2021 and May 10, 2021 Orders.

Under Rule 41(b), "[if] the plaintiff fails to prosecute…, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). When deciding whether to dismiss a case for failure to prosecute, courts in the Second Circuit consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

Similarly, under Rule 37(b)(2)(A)(v), a court may dismiss a proceeding in whole or in part where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). When determining whether to dismiss a claim pursuant to Rule 37(b)(2)(A)(v), a court will consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010). Because the last three of these factors are identical to Rule 41(b) factors 1, 2, and 5, respectively, courts analyze them simultaneously when considering dismissal under Rules 37(b)(2)(A)(v) and 41(b). See Chen v. Hunan Manor Enter., 2020 US Dist. LEXIS 113820, at *22 (S.D.N.Y. June 30, 2020).

Defendants renew their May 7, 2021 motion to dismiss under Rules 37(b) and 41(b) because Plaintiff has still not provided full discovery responses despite being warned that the Court may issue an order to show cause if he failed to do so. Plaintiff has caused significant delay because he has failed to comply with his discovery obligations for more than 6 months and failed to comply with the Court's February 26, 2021 Order for 60 days. Stone v. Goord, 2007 U.S. Dist. LEXIS 84041, at *1-2 (S.D.N.Y. Nov. 13, 2007) (dismissing pro se action where plaintiff failed to comply with discovery requests for four months and refused to follow court orders for two months). Defendants have suffered prejudice because, as explained in their January 15, 2021 status letter, their February 25, 2021 motion to compel, and their May 7, 2021 motion to dismiss, Defendants require properly executed medical releases and full responses to their interrogatories before deposing Plaintiff because the parties dispute whether Plaintiff's injuries were preexisting. Currently, Defendants only have Plaintiff's medical records from April 8, 2020 to April 10, 2020, which are insufficient to evaluate whether Plaintiff's injuries were preexisting or to determine how long after the alleged incident Plaintiff's injuries persisted for. Additionally, without releases for Plaintiff's psychotherapy notes—should any exist—Defendants cannot fully evaluate Plaintiff's claim that he suffered psychological distress.

The Court has already considered alternatives to dismissal by issuing two orders compelling Plaintiff to provide discovery and extending discovery twice to accommodate Plaintiff's failure to comply with Rules 33 and 34. Lesser alternatives to dismissal will be inadequate because Plaintiff has provided no reason, either to the Court or to Defendants, for why he has failed to comply with the Federal Rules or abide by the Court's February 26, 2021 or May 10, 2021 Orders. Plaintiff had adequate notice that his case could be dismissed for failure to prosecute and failure to abide by the Court's orders because Defendants have already moved to dismiss on those grounds and the Court explicitly warned Plaintiff in its May 10, 2021 Order that if he failed to comply, it may issue an order to show cause why this case should not be dismissed under Rule 41(b).

For the foregoing reasons, Defendants respectfully renew their request that the Court dismiss Plaintiff's Complaint for failure to prosecute under Rule 41(b) and for failure to abide by a court order under Rule 37(b).

Thank you for your consideration herein.

Respectfully submitted,

James R. Murray   s/
James R. Murray
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Room 3-183
New York, New York 10007
(212) 356-2372
jamurray@law.nyc.gov

CC: **BY FIRST-CLASS MAIL**
Plaintiff *pro se*
Isaiah Muhammad
B&C No. 2411902466
Manhattan Detention Center
125 White Street
New York, NY 10013